UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON BALDWIN,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK, N.A. *et al.*,<br><br>Defendants. | Case No. 2:24-cv-3401-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Bryon Baldwin has filed numerous motions seeking: to amend his complaint, permission to electronically file, injunctive relief, appointment of counsel, and to strike certain of defendants' filings. ECF Nos. 13, 14, 16, 19, 26, 27, & 28. Also pending are defendants' motions to dismiss, ECF No. 5, to strike portions of the operative complaint, ECF No. 7, and to strike plaintiff's amended complaint, ECF No. 29. For the reasons below, I will grant plaintiff's motion to amend, ECF No. 16, deny or recommend denying his other motions, and recommend granting defendants' second motion to strike the complaint, ECF No. 29. I will also recommend that defendants' motions to dismiss and first motion to strike be denied. ECF Nos. 5 & 7.

**Motions to Amend the Complaint**

Plaintiff has effectively filed two motions to amend his complaint, ECF Nos. 14 & 16, the latter of which will be granted. In his more recent motion, plaintiff seeks leave to amend to account for newly discovered evidence, to comply with the Federal Rules of Civil Procedure, and

1

1 to "fully align" his claims with federal law. ECF No. 16 at 2. Leave to amend should generally
2 be freely given. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).
3 Defendants have opposed the amendment, arguing that it would be futile, ECF No. 21, but I am
4 not so convinced of that futility as to deny plaintiff an opportunity to put forth his claims in a
5 single pleading.

6       Plaintiff's earlier motion, ECF No. 14, should be denied. The request to amend therein is
7 mooted by the grant of the later motion, and his requests to strike and for injunctive relief are
8 unsupported by legal argument.[1] Accordingly, this motion should be denied in its entirety.
9 Similarly, his separate, renewed motion for temporary restraining order, ECF No. 19, should be
10 denied without prejudice. Until the amended complaint is filed, I cannot weigh the likelihood of
11 plaintiff's success on the merits or, indeed, the scope of his claims to determine their relation to
12 the injunctive relief requested.

13       I will also deny plaintiff's motion to add additional defendants, ECF No. 26. He may add
14 those defendants in his amended complaint.

15 **Motions to E-File and for Counsel**

16       Plaintiff's motions to permit him to file electronically, ECF Nos. 13 & 27, are denied.
17 Generally, "any person appearing pro se may not utilize electronic filing except with permission
18 of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or
19 electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in
20 L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of
21 reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff's does not demonstrate good cause
22 for a departure from the normal filing procedure for unrepresented litigants. He argues that it
23 would be more convenient for him, but to date he has shown no difficulty in filing numerous
24 motions.

25       His request for counsel is also denied. Plaintiff does not have a constitutional right to

---

[1] This motion includes a request for permission to record a *lis pendens*. ECF No. 14 at 8. That request is also unsupported and should therefore be denied. *See* Cal. Code Civ. P. § 405.32 (requiring the court to expunge a *lis pendens* unless the recorder establishes "by a preponderance of the evidence the probable validly of [a] real property claim").

appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. Plaintiff has not demonstrated that he is likely to succeed on the merits and, thus, far, he has proven capable of presenting his own claims.

Lastly, plaintiff's asks that he and defendants' counsel communicate through e-mail. Communication between the parties outside the courtroom and the docket is left to their discretion. The motion, ECF No. 28, is therefore denied.

**Defendants' Motions**

In granting plaintiff permission to amend his complaint, defendants' pending motions are mooted. Their motion to dismiss, ECF No. 5, and to strike portions of the initial complaint, ECF No. 7, are moot because the amended complaint will supersede the initial one. Defendants may, of course, renew their motion to dismiss when the amended complaint is filed if they believe the arguments therein still apply.

Defendants' motion to strike the improperly filed amended complaint, ECF No. 29, should be granted. The action shall proceed based on the amended complaint plaintiff files within thirty days of this order.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to amend complaint, ECF No. 16, is GRANTED. He must file his amended complaint within thirty days of the date of this order's entry.

2. The Clerk of Court shall send plaintiff a complaint form with this order.

3. Plaintiff's motion to e-file, ECF No. 13, motion to add additional defendants, ECF No. 26, motion to appoint counsel and for permission to e-file, ECF No. 27, and to communicate with defendants through e-mail, ECF No. 28, are DENIED.

4. The June 12, 2025 hearing on defendants' motion to strike, ECF No. 29, is VACATED.

Further, it is RECOMMENDED that:

1. Plaintiff's motion to strike, amend, and for injunctive relief, ECF No. 14, and renewed motion for temporary restraining order, ECF No. 19, be DENIED.

2. Defendants' motion to strike, ECF No. 29, be GRANTED and the improperly filed amended complaint, ECF No. 24, be struck from the docket.

3. Defendants' motions to dismiss, ECF No. 5, and to strike, ECF No. 7, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE