UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON BALDWIN,<br><br>  Plaintiff,<br><br>  v.<br><br>FIFTH THIRD BANK, N.A., et al.,<br><br>  Defendants. | No. 2:24-cv-03401-DC-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 34) |

This matter is before the court on *pro se* Plaintiff Byron Baldwin's June 25, 2025 motion for a temporary restraining order and preliminary injunction.[1] The court did not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's motion.

**BACKGROUND**

On November 6, 2024, Plaintiff filed a complaint in Placer County Superior Court against Defendants Fifth Third Bank, N.A.; Fifth Third Bancorp., Luigi Caprio, Caprio Realty, Lee Leslie, and Auction.com arising out of the foreclosure of property located at 35655 Culberson

---

[1] In his motion, Plaintiff seeks a temporary restraining order, prohibiting any eviction, lockout, or enforcement action by the Placer County Sheriff's Department pending resolution of this federal action and a preliminary injunction enjoining all parties from transferring, selling, or altering the status of the Property. (Doc. No. 34 at 2–3.) While the court will address Plaintiff's request for a temporary restraining order, it will refer Plaintiff's request for a preliminary injunction to the assigned magistrate judge.

1

1  Road, Alta, California 95701 ("the Property"). (Doc. No. 1 at 1, 11.) On December 6, 2024,
2  Defendants Fifth Third Bank, N.A, and Fifth Third Bancorp. (hereinafter "Fifth Third
3  Defendants") filed a notice of removal of this action. (Doc. No. 1.)

4  On February 24, 2025, Plaintiff filed an *ex parte* motion for a temporary restraining order
5  asking the court to enjoin the Placer County Sheriff's Department from evicting him from the
6  Property on February 25, 2025, at 6:00 a.m. (Doc. No. 15.) On the same day, Plaintiff filed a
7  motion to amend his complaint. (Doc. No. 16.) Later that day, the court issued a minute order
8  denying Plaintiff's February 24, 2025, *ex parte* motion for a temporary restraining order because
9  he had not established that he was "likely to succeed" on the merits of his claims, and he had not
10 raised "serious questions" about those claims. (Doc. No. 17) (citing *Winter v. Natural Res. Def.*
11 *Council, Inc.*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131
12 (9th Cir. 2011)).

13 On February 25, 2025, Plaintiff filed a "renewed" motion for a temporary restraining
14 order. (Doc. No. 19). On May 22, 2025, the assigned magistrate judge issued an order and
15 findings and recommendations permitting Plaintiff to file a first amended complaint but
16 recommending that his renewed motion for a temporary restraining order be denied without
17 prejudice. (Doc. No. 30.) Specifically, the magistrate judge found that until Plaintiff filed an
18 amended complaint, he could not "weigh the likelihood of Plaintiff's success on the merits or,
19 indeed the scope of his claims to determine their relation to the injunctive relief requested." (*Id*. at
20 2.) On June 17, 2025, the court issued an order adopting the magistrate judge's recommendation
21 that Plaintiff's renewed motion for a temporary restraining order be denied. (Doc. No. 32.)

22 On June 25, 2025, Plaintiff filed the instant motion for temporary restraining order and
23 preliminary injunction. (Doc. No. 34.)

### LEGAL STANDARD

25 The purpose of a temporary restraining order is to preserve the status quo and to prevent
26 irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose*
27 *Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing
28 of a temporary restraining order is "substantially identical" to the standard for issuing a

preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131–35. "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies*, 632 F.3d at 1135). Nevertheless, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

**ANALYSIS**

In his motion for temporary restraining order, Plaintiff requests the court enjoin the Placer County Sheriff's Department from evicting him from the Property on June 26, 2025, at 6:00 a.m. (Doc. No. 34 at 1.) In support of his request, Plaintiff points to various federal claims he has asserted in his complaint. (*Id.*) Plaintiff requested and was granted an extension of time to file a first amended complaint by July 21, 2025. (Doc. Nos. 31, 33.) However, despite being provided an opportunity to amend his complaint to the federal claims (Doc. No. 30), Plaintiff has not yet filed a first amended complaint. A plaintiff is not entitled to an injunction based on claims not pled in his complaint. *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the

3

underlying complaint itself."); *Bradford v. Jordan*, No. 18-cv-06730-SVW-KK, 2018 WL 11328113, at *2 (C.D. Cal. Nov. 19, 2018) (denying motion for temporary restraining order where there was no operative complaint in the action). Because the basis of Plaintiff's request for injunctive relief is predicated on federal claims that are not presently pled, the court finds Plaintiff has not established he is likely to succeed on the merits of his claims.

Because the court finds Plaintiff is unlikely to succeed on the merits of his claims, the court need not address the remaining *Winter* factors. Indeed, a plaintiff "must demonstrate that it meets all four of the elements of the preliminary injunction test established in *Winter*" in order to justify the issuance of a preliminary injunction. *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011); *see also All. for the Wild Rockies*, 632 F.3d at 1135. Therefore, the court will deny Plaintiff's motion for a temporary restraining order.

**CONCLUSION**

For the reasons explained above,

1. Plaintiff's motion for temporary restraining order (Doc. No. 34) is DENIED; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **June 26, 2025**

Dena Coggins
United States District Judge

4