UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON BALDWIN, | Case No.  2:24-cv-3401-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| FIFTH THIRD BANK, N.A. *et al.*, | |
| Defendants. | |

Plaintiff Bryon Baldwin has filed numerous motions seeking injunctive relief, an extension of time to file an amended complaint, and to expedite consideration of his motions. ECF Nos. 34, 36, 38, 40, 41, & 45.  Also pending is defendants Fifth Third Bank, N.A. and Fifth Third Bancorp's motion to dismiss this action for plaintiff's failure to prosecute.  ECF No. 43. For the reasons below, I will grant plaintiff's motions for an extension of time to file an amended complaint, ECF Nos. 38 & 40, deny his motions to expedite, ECF Nos. 38 & 40, and recommend that his motions for injunctive relief, ECF Nos. 34, 36, & 45, and defendants' motion to dismiss, ECF No. 43, be denied.

**Background**

In November 2024, plaintiff commenced this action in the Placer County Superior Court against defendants Fifth Third Bank, N.A.; Fifth Third Bancorp., Luigi Caprio, Caprio Realty, Lee Leslie, and Auction.com, alleging state law claims arising out of the foreclosure of property

1

located at 35655 Culberson Road, Alta, California 95701 ("the property").  ECF No. 1 at 11-44. After defendants Fifth Third Bank, N.A, and Fifth Third Bancorp removed this action to this court, plaintiff moved to amend his complaint and filed an *ex parte* motion for a temporary restraining order that asked that the Placer County Sheriff's Department be enjoined from evicting him from the property.  ECF Nos. 15 & 16.  The previously assigned district judge denied the motion for a temporary restraining order, finding that plaintiff had neither shown a likelihood of success on the merits of his claims nor raised serious questions about those claims. ECF No. 17.

Plaintiff then filed a renewed motion for a temporary restraining order.  ECF No. 19.  On May 22, 2025, I granted plaintiff's motion to amend and ordered him to file an amended complaint within thirty days.  ECF No. 30 at 1-2, 4.  I also recommended that his renewed motion for a temporary restraining order be denied, observing that the court could not weigh the likelihood of plaintiff's success on the merits or evaluate the scope of his claims to determine their relation to the injunctive relief requested until plaintiff filed his amended complaint.  *Id.* at 2. On June 17, 2025, the district judge adopted the recommendation and denied the renewed motion for a temporary restraining order.  ECF No. 32.

The following day, I granted plaintiff's request to extend the deadline to file an amended complaint and ordered him to file it by July 17, 2025.  ECF No. 33.  Eight days later, plaintiff filed his third motion for a temporary restraining order, again asking the court to enjoin the Placer County Sheriff's Department from evicting him.  ECF No. 34.  In that motion, plaintiff argued that he was likely to succeed on merits of several federal claims.  *Id.* at 1.  The court also denied that motion, finding that plaintiff had again failed to show a likelihood of success on the merits because the requested relief was based on federal claims that were not pled in the operative complaint.[1]  ECF No. 35.  The court observed that despite being granted leave, as well as an extension of time, to file a first amended complaint alleging federal claims, he had yet to file an

---

[1] This third motion for a temporary restraining order also sought a preliminary injunction. ECF No. 34.  In its order denying plaintiff's motion for a temporary restraining order, the court referred the request for a preliminary injunction to the undersigned.  ECF No. 35 at 1 n.1.

amended complaint. *Id.* at 3.

Undeterred by the court's orders, plaintiff subsequently filed a fourth motion for a temporary restraining order, ECF No. 36, as well as two requests for an extension of time to file an amended complaint.[2]  ECF Nos. 38 & 40.

More recently, defendants filed a motion to dismiss this action for failure to prosecute. ECF No. 43.  In violation of Local Rule 230(c), plaintiff failed to timely file a response to defendants' motion.  Accordingly, on January 28, 2026, I ordered plaintiff to show cause, by no later than February 11, 2026, why sanctions should not be imposed for failure to file an opposition or statement of non-opposition to defendants' motion.  ECF No. 44.  I also ordered plaintiff to file an opposition or statement of non-opposition by February 11, 2026.  Plaintiff largely ignored that order; he neither showed cause for why sanctions should be imposed, nor did he substantively respond to defendants' motion.  Instead, he filed what his now his fifth motion for preliminary injunctive relief.  ECF No. 45.

**Plaintiff's Motions for an Extension of Time**

Plaintiff has filed two motions that request additional time to file an amended complaint. ECF No. 38 & 40.  Plaintiff explains that he is currently facing tremendous hardship due to being evicted from the property, which has hindered his ability to prepare and file an amended complaint. *Id.*

The court granted plaintiff leave to file an amended complaint on May 22, 2025.  Despite having nine months to prepare an amended complaint, he has yet to file one.  And while the court is sympathetic to challenges resulting from plaintiff's circumstances, this case cannot continue to proceed with revolving motions for injunctive relief that bring the case no closer to consideration of the merits of plaintiff's claim.  Plaintiff must either file his amended complaint or notify the court and defendants that he no longer wishes, or is not able to, prosecute this action. Nevertheless, in light of plaintiff's reported circumstances and pro se status, the court will grant

---

[2] Plaintiff has also requested that the court expedite consideration of his various motions. ECF Nos. 38 & 41.  In light of this order, which addresses all pending motions, plaintiff's requests to expedite are denied as moot.

him one final opportunity to file a first amended complaint.  Accordingly, plaintiff's motions for an extension of time are granted, and plaintiff shall file a first amended complaint by no later than March 26, 2026.

### Defendants' Motion to Dismiss

Defendants Fifth Third Bank, N.A. and Fifth Third Bancorp move to dismiss this action under Federal Rule of Civil Procedure 41(b).  ECF No. 43.  They argue that this action should be dismissed for plaintiff's failure to timely file an amended complaint and for failure to prosecute. ECF No. 43-1.  Because the court is granting plaintiff a final opportunity to file an amended complaint, involuntary dismissal is not appropriate at this time.  Accordingly, defendants' motion to dismiss is denied without prejudice.  Should plaintiff fail to file his first amended complaint by March 26, 2026, defendants may renew their motion.

### Plaintiff's Motions for Injunctive Relief

As detailed above, plaintiff has three motions for preliminary injunctive relief—a motion for a preliminary injunction and two seeking a temporary restraining order—pending before the court.  ECF Nos. 34, 36, & 45.

A temporary restraining order, as with any preliminary injunctive relief, is an extraordinary remedy that is not awarded as of right.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  The standards governing temporary restraining orders are "substantially similar" to those governing preliminary injunctions.  *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017).  To obtain preliminary injunctive relief, petitioner must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.  Although the court must consider all four *Winter* factors, the first factor—likely success on the merits—is the most important.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

The three pending motions for preliminary injunctive relief contain the same deficiency as plaintiff's earlier motions for injunctive relief.  Each of plaintiff's motions cite various provisions to the U.S. Code and Constitution that defendants purportedly violated.  Plaintiff, however, has

4

yet to allege a claim based on a violation of federal law, even though the court has granted him leave to amend his complaint.  ECF Nos. 34, 36, & 45.  As noted in the court's prior order, plaintiff cannot obtain an injunction based on claims that are not alleged in his complaint.  *See* ECF No. 35 at 3; *see also Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.").  Because the current motions, like the earlier ones, seek injunctive relief based on claims that are not alleged, plaintiff again fails to demonstrate a likelihood of success on the merits of his claims.  His motions should therefore be denied.  *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction, [the plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)).

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motions for an extension of time to file an amended complaint, ECF No. 38 & 40, are GRANTED.

2.  Plaintiff shall file a first amended complaint by no later March 26, 2026.

3.  Plaintiff is warned that no further extensions will be granted.

4.  Plaintiff's motion to expedite, ECF Nos. 38 & 41, are DENIED as moot.

5.  Defendants Fifth Third Bank, N.A. and Fifth Third Bancorp motion to dismiss, ECF No. 43, is DENIED without prejudice.  Defendants may renew their motion should plaintiff fail to file a first amended complaint by March 26, 2026.

Further, it is RECOMMENDED that plaintiff's motions for injunctive relief, ECF Nos. 34, 36, & 45, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 26, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE